**25 CV 09192**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JACOB FRYDMAN

                           *Plaintiff,*               Case No.:

       -against-

ILEVU YAKUBOV (a/k/a/ LEO JACOBS),         <ins>COMPLAINT</ins>
STEFANY ARTEGA and JACOBS P.C.

                  **Defendants.**

-------------------------------------------------------------------X

      Plaintiff Jacob Frydman ("Frydman" or "Plaintiff"), for his complaint against Ilevu Yakubov a/k/a/ Leo Jacobs) ("Leo"), Stefany Artega ("Artega")and Jacobs P.C. ("***Jacobs PC***" and together with Leo and Artega, collectively, "Defendants") respectfully alleges as follows:

<ins>PARTIES</ins>

1.    Plaintiff Jacob Frydman is a resident of New York.

2.    Defendant Jacobs PC is a legal professional corporation formed under the laws of New York, with a principal place of business at 717 Fifth Avenue, New York, NY 10022.

3.    Defendant Leo is the principal of Defendant Jacobs PC, and maintains an office address at 17 Fifth Avenue, New York, NY 10022.

4.    Defendant Arteaga is "Head of Operations" of Defendant Jacobs PC, and maintains an office address at 17 Fifth Avenue, New York, NY 10022.

<ins>JURISDICTION AND VENUE</ins>

5.    This Court has subject matter jurisdiction over this action pursuant to <ins>28 USCS § 1331</ins> because this action arises under the Fair Labor Standards Act, a federal law. The Court has supplemental

jurisdiction over the related state law claims pursuant to 28 USCS § 1367 because they form part of the same case or controversy.

6.    This Court has personal jurisdiction over Defendant Jacobs PC because it is "doing business" in New York with such continuity and permanence as to warrant a finding of general jurisdiction.

7.    This Court has personal jurisdiction over Defendant Leo because he is "doing business" in New York with such continuity and permanence as to warrant a finding of general jurisdiction.

8.    This Court has personal jurisdiction over Defendant Arteaga because she is "doing business" in New York with such continuity and permanence as to warrant a finding of general jurisdiction.

9.    The basis for venue in this Court is because this is the district in which a substantial part of the events or omissions giving rise to Plaintiffs claims occurred.

## STATEMENT OF FACTS

10.    Plaintiff Jacob Frydman performed professional services for Jacobs PC.

11.    As of February 28, 2025, Jacobs PC was indebted to plaintiff in the amount of $125,614.08 for wages for professional services rendered.

12.    Defendants have refused to pay plaintiff these wages, claiming that they are prohibited from doing so due to certain restraining notices served upon Jacobs PC by judgment creditors.

13.    Defendants have asserted that they are restrained from paying plaintiff's wages because these wages are subject to judgment executions.

14.    Under Federal Labor Law and New York Labor Law, wages for professional services are exempt from execution.

15.    Plaintiff informed defendants that their failure to pay such wages was contrary to law.

16.    On or about March 29, 2025, Plaintiff made a demand for immediate payment of $125,614.08 to defendants.

17.    Plaintiff informed defendants that wages for professional services are exempt from execution, whether the wage earner is directly employed or the wages are income derived from a business where the debtor's services are the chief factor.

18.    Plaintiff informed defendants that their failure to pay would subject Defendant Jacobs PC to civil liability, and Defendants Leo and Arteaga, individually, as officers and agents of Jacobs PC, to potential liability pursuant to New York Labor Law.

19.    Despite Plaintiff's demand and notification of the legal exemption for wages, Defendants have failed to pay the wages owed to plaintiff.

20.    Defendants Leo and Arteaga, as officers and agents of Jacobs PC, knowingly permitted Jacobs PC to violate labor laws by failing to pay wages owed to plaintiff.

21.    Defendants' failure to pay plaintiff's wages has caused plaintiff financial harm.

### CLAIMS FOR RELIEF

#### COUNT I
***Violation of the Fair Labor Standards Act* 29 U.S.C. § 206**
***(against all defendants)***

22.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 as if fully set forth herein.

23.    Defendants employed plaintiff within the meaning of the Fair Labor Standards Act.

24.    Plaintiff performed professional services for defendants for which he was entitled to receive wages.

25.    Plaintiff's employment relationship with defendants was covered by the Fair Labor Standards Act.

26.     The Fair Labor Standards Act requires employers to pay all wages due to their employees.

27.     Defendants failed to pay plaintiff wages in the amount of $125,614.08 for professional services rendered as of February 28, 2025.

28.     Defendants' failure to pay plaintiff's wages was willful.

29.     Defendants were informed that their refusal to pay plaintiff's wages based on restraining notices was contrary to law, as wages for professional services are exempt from execution, yet they continued to refuse payment.

**COUNT II**
*Violation of New York Labor Law NY CLS Labor § 198, NY CLS Labor § 191*
*(against all defendants)*

30.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 as if fully set forth herein.

31.     Plaintiff performed work for Defendants for which he was entitled to receive wages.

32.     Plaintiff performed professional services for Jacobs PC for which he is owed $125,614.08 in wages as of February 28, 2025.

33.     Defendants failed to pay wages for work performed.

34.     Defendants have refused to pay plaintiff $125,614.08 in wages for professional services rendered, claiming they are prohibited from doing so due to restraining notices served by judgment creditors.

35.     The wages were due and owing.

36.     Plaintiff demanded payment of the $125,614.08 in wages by March 31, 2025, but defendants failed to make such payment.

37.     Defendants' failure to pay plaintiff's wages was willful.

38.    Defendants were informed that their refusal to pay plaintiff's wages based on restraining notices was contrary to law, as wages for professional services are exempt from execution under New York Labor Law § 651, yet they continued to refuse payment.

### COUNT III
*Individual Liability of Corporate Officers Under New York Labor Law*
*NY CLS Labor § 198-a*
*(against Defendants Leo and Arteaga)*

39.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

40.    Defendants Leo and Arteaga were officers and agents of Jacobs PC.

41.    Defendants Leo and Arteaga are officers and agents of Jacobs PC as identified in communications regarding plaintiff's wages.

42.    Defendants Leo and Arteaga had authority over corporate decisions regarding payment of wages.

43.    Defendants Leo and Arteaga were directly addressed in plaintiff's demand for payment, indicating their authority over wage payment decisions at Jacobs PC.

44.    Defendants Leo Jacobs and Stefany Arteaga knowingly permitted Jacobs PC to violate labor law by failing to pay wages.

45.    Defendants Leo and Arteaga were specifically informed that wages for professional services are exempt from execution under applicable law, yet they continued to permit Jacobs PC to withhold plaintiff's wages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against defendants, and award the following relief:

1.    Unpaid wages against all defendants in the amount of $125,614.08 pursuant to 29 USCS § 206 and NY CLS Labor § 198.

2.    Liquidated damages against all defendants in an amount equal to the unpaid wages in the additional amount of $125,614.08 pursuant to 29 USCS § 216.

3.    Additional liquidated damages against all defendants in an amount up to three hundred percent of the total amount of wages found to be due in the amount of $376,842.24 for willful violations pursuant to NY CLS Labor § 198.

4.    Prejudgment interest on all unpaid wages pursuant to NY CLS CPLR § 5001.

5.    A declaration that wages for professional services are exempt from execution under applicable law and that defendants' withholding of such wages based on restraining notices is unlawful pursuant to 28 USCS § 2201.

6.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated November 3, 2025
New York, NY

Respectfully submitted,

Jacob Frydman, *pro se*
834 United Nations Plaza
New York, NY 10017
jf@frydco.com
(917) 578-3800