SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ARBOR-MYRTLE BEACH PE LLC,

        Plaintiff-Judgment Creditor,

-against-

JACOB FRYDMAN,

        Defendant-Judgment Debtor.

Index No.: 657133/2019

**RESTRAINING NOTICE AND INFORMATION SUBPOENA**

Re.:  Jacob Frydman
845 United Nations Plaza,
Apt. 44D
New York, NY 10017
(the "Judgment Debtor")

-----------------------------------------------------------------X

**THE PEOPLE OF THE STATE OF NEW YORK**

**TO:**    Jacobs P.C.
595 Madison Avenue, 39th Floor
New York, NY 10022

       **WHEREAS**, in an action in the above-captioned action in the Supreme Court of the State of New York, County of New York, between Arbor-Myrtle Beach PE LLC ("Arbor" or "Judgment Creditor"), as plaintiff, and Jacob Frydman ("Frydman" or "Judgment Debtor"), as defendant, a judgment was entered on **May 3, 2021**, and thereafter docketed in the Supreme Court of the State of New York, New York County, in favor of Arbor, Judgment Creditor, and against, Jacob Frydman, Judgment Debtor, in the total amount of **$1,671,324.92**, of which the full amount with interest thereon remains due and unpaid;

**RESTRAINING NOTICE**

      **WHEREAS**, it appears that you owe a debt to the Judgment Debtor or are in possession or in custody of property in any account, checking, savings or money market, etc., deposit box and/or safety vault maintained by the Judgment Debtor;

      **TAKE NOTICE THAT** pursuant to New York Civil Practice Law and Rule 5222(b), which is set forth in full herein, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with any such property or pay over or otherwise dispose of any such debt except as provided herein.

      **TAKE FURTHER NOTICE** that this notice also covers all property in which the Judgment Debtor has an interest hereafter coming into your possession or custody and all debts hereafter coming due from you to the judgment debtor.

# NEW YORK CIVIL PRACTICE LAW AND RULES

**Section 5222(b):** Effect of restraint; prohibition of transfer; duration. A judgment debtor or obligor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the judgment or order is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor or obligor is effective only if, at the time of service, he or she owes a debt to the judgment debtor or obligor or he or she is in the possession or custody of property in which he or she knows or has reason to believe the judgment debtor or obligor has an interest, or if the judgment creditor or support collection unit has stated in the notice that a specified debt is owed by the person served to the judgment debtor or obligor or that the judgment debtor or obligor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor or obligor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor or obligor, shall be subject to the notice except as set forth in subdivisions (h) and (i) of this section. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or the support collection unit, except as set forth in subdivisions (h) and (i) of this section, and except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him or her, or until the judgment or order is satisfied or vacated, whichever event first occurs. A judgment creditor or support collection unit which has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor or obligor, for any damages sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor or obligor in an amount equal to twice the amount due on the judgment or order, the restraining notice is not effective as to other property or money.

**TAKE FURTHER NOTICE** that disobedience of this restraining notice is punishable as a contempt of court.

## INFORMATION SUBPOENA

**NOW, THEREFORE, WE COMMAND YOU**, pursuant to CPLR 5224(a)(3), that you answer in writing under oath, separately and fully, each question in the questionnaire accompanying this subpoena, each answer referring to the question to which it responds; and that you return the answers together with the original of the questions in the prepaid addressed return envelope accompanying this subpoena within seven (7) days of their receipt.

**PLEASE TAKE FURTHER NOTICE**, that false swearing or failure to comply with this subpoena is punishable as a contempt of court.

**I HEREBY CERTIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A REASONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMATION ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT.**

Dated: New York, New York
January 14, 2025

MORRISON COHEN LLP

By: _____
Y. David Scharf
Jay R. Speyer
Jeremy D. Weinstein

909 Third Avenue
New York, NY 10022
212-735-8600

*Attorneys for Judgment Creditor
Arbor-Myrtle Beach PE LLC*

## NOTICE TO JUDGMENT DEBTOR OR OBLIGOR

Money or property belonging to you may have been taken or held in order to satisfy a judgment or order which has been entered against you. Read this carefully.

## YOU MAY BE ABLE TO GET YOUR MONEY BACK

State and federal laws prevent certain money or property from being taken to satisfy judgments or orders. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans benefits;
10. Ninety percent of your wages or salary earned in the last sixty days;
11. Twenty-five hundred dollars of any bank account containing statutorily exempt payments that were deposited electronically or by direct deposit within the last forty-five days, including, but not limited to, your social security, supplemental security income, veterans benefits, public assistance, workers' compensation, unemployment insurance, public or private pensions, railroad retirement benefits, black lung benefits, or child support payments;
12. Railroad retirement;
13. Black lung benefits; and
14. COVID-19 stimulus relief for individuals and families with children.

If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment or order. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.

Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING ANY FREE LEGAL SERVICES ORGANIZATION IF YOU QUALIFY. You can also go to court without an attorney to get your money back. Bring this notice with you when you go. You are allowed to try to prove to a judge that your money is exempt from collection under New York civil practice law and rules, sections fifty-two hundred twenty-two-a, fifty-two hundred thirty-nine and fifty-two hundred forty. If you do not have a lawyer, the clerk of the court may give you forms to help you prove your account contains exempt money that the creditor cannot collect. The law (New York civil practice law and rules, article four and sections fifty-two hundred thirty-nine and fifty-two hundred forty) provides a procedure for determination of a claim to an exemption.

**ANSWER THE QUESTIONS THAT FOLLOW ON THE FORM PROVIDED HEREIN WITHIN SEVEN (7) DAYS AND RETURN YOUR ANSWER IN THE PRE-ADDRESSED, POSTAGE-PAID ENVELOPE INCLUDED HEREIN TO:**

**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York  10022
Attn:  Jeremy D. Weinstein, Esq.
jweinstein@morrisoncohen.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ARBOR-MYRTLE BEACH PE LLC,

    Plaintiff-Judgment Creditor,

  -against-

JACOB FRYDMAN,

    Defendant-Judgment Debtor.

-------------------------------------------------------------------X

Index No.: 657133/2019

**QUESTIONS AND ANSWERS IN CONNECTION WITH INFORMATION SUBPOENA**

Re: Jacob Frydman
   845 United Nations Plaza,
   Apt. 44D
   New York, NY 10017
   (the "Judgment Debtor")

STATE OF _____ )
          ) ss.:
COUNTY OF _____ )

_____, being duly sworn, deposes and says that the deponent is the authorized representative of **Jacobs P.C.**, recipient of the accompanying information subpoena herein and of the original and a copy of the questions accompanying said subpoena.  The answers set forth below are made from information obtained from records of the recipient and are made under penalty of perjury.

1. What is your full name and address?

2. What office, title, or position do you hold with **Jacobs P.C.** (hereinafter, "Jacobs" or "You" or "Your")?

3. Set forth the name, address, phone number, Social Security number, and email address of the Judgment Debtor as set forth in your records.

4. Set forth the amount of money restrained pursuant to the Restraining Notice served simultaneously served herewith.

5. If You are in possession of any money held for the benefit of the Judgment Debtor, set forth the facts and circumstances concerning said possession, including, without limitation, how the monies came into your possession, custody, or control, the reason, and if said money is going to be paid out, the basis for same and any instructions You received concerning payment.

6. Are You or any of your agents or affiliates currently holding any funds or any property of Judgment Debtor, whether in the name of Judgment Debtor, under a trade or corporate name, or in association with others, to be paid or to be sold to satisfy a debt of Judgment Debtor?

7. If the answer to Question 6 is yes, please state: (a) the amount of such funds or value of such property; (b) the date such funds were deposited with or such property was held by you or your agent; and (c) the source of such payment(s) or property.

8. Do you hold any assets or collateral in which the Judgment Debtor has or may have an interest?

9. What is the description and value of each such asset or item of collateral?

10. What interest does the Judgment Debtor appear to have in each such asset or item of collateral?

11. Do You have any other transactions with the Judgment Debtor, directly or indirectly, or in connection with the Judgment Debtor, as a result of which the Judgment Debtor may now, or at any time in the future, become entitled to money or credit?

12. If the answer to Question 11 is yes, please state: (a) a description of the transactions; (b) the amount of anticipated funds; and (c) the source of anticipated funds.

13. Set forth a list of all payments made by the Judgment Debtor to You since January 1, 2019.

14. Set forth a list of all payments made by You to the Judgment Debtor since January 1, 2019.

15. Have You transferred any assets, money, or any thing or item of value to the Judgment Debtor or to any other person(s), company, trusts, or any other entity on behalf of, or for the benefit of the Judgment Debtor since January 1, 2019? If yes, state the amount or item transferred (plus its value), the date transferred, and the recipient of the transfer. (Attach another sheet if necessary).

| Amount/Item/Value | Date Transferred | Recipient of Transfer |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

- 16. Identify any and all assets deposited with, or held by, You, by or on behalf of the Judgment Debtor, or an entity in which the Judgment Debtor has or had a legal or beneficial interest, including, without limitation, Kenwood Commons, LLC, Winter Investors, LLC, Frydco Capital Group, LLC, Deluxe Building Construction LLC, Deluxe Building Solutions LLC, and Deluxe Building Realty, LLC, or by any other person or entity on behalf of the foregoing persons or entities.

- 17. For all assets identified in response to Question 16, state the date on which such Assets were deposited with You and the location and value of all such Assets and the reason why such Assets were deposited or placed in trust with You or are otherwise held by You.

Name:
Title:

Sworn to before me this
___ day of January, 2025

_____
Notary Public

PLEASE RETURN YOUR ANSWER IN THE PRE-ADDRESSED, POSTAGE-PAID ENVELOPE INCLUDED HEREIN WITHIN SEVEN (7) DAYS TO:

MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Attn: Jeremy D. Weinstein, Esq.
jweinstein@morrisoncohen.com
FAX: 917.522.9973

**ANSWER THE QUESTIONS THAT FOLLOW ON THE FORM PROVIDED HEREIN WITHIN SEVEN (7) DAYS AND RETURN YOUR ANSWER IN THE PRE-ADDRESSED, POSTAGE-PAID ENVELOPE INCLUDED HEREIN TO:**

**MORRISON COHEN LLP**
**909 Third Avenue, 27th Floor**
**New York, New York 10022**
**Attn: Jeremy D. Weinstein, Esq.**
**jweinstein@morrisoncohen.com**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ARBOR-MYRTLE BEACH PE LLC,

        Plaintiff-Judgment Creditor,

   -against-

JACOB FRYDMAN,

        Defendant-Judgment Debtor.

-------------------------------------------------------------------X

Index No.: 657133/2019

**QUESTIONS AND ANSWERS IN CONNECTION WITH INFORMATION SUBPOENA**

Re:   Jacob Frydman
       845 United Nations Plaza,
       Apt. 44D
       New York, NY 10017
       (the "Judgment Debtor")

STATE OF _____ )
                               ) ss.:
COUNTY OF _____ )

_____, being duly sworn, deposes and says that the deponent is the authorized representative of **Jacobs P.C.**, recipient of the accompanying information subpoena herein and of the original and a copy of the questions accompanying said subpoena. The answers set forth below are made from information obtained from records of the recipient and are made under penalty of perjury.

1. What is your full name and address?

2. What office, title, or position do you hold with **Jacobs P.C.** (hereinafter, "Jacobs" or "You" or "Your")?

3. Set forth the name, address, phone number, Social Security number, and email address of the Judgment Debtor as set forth in your records.

4. Set forth the amount of money restrained pursuant to the Restraining Notice served simultaneously served herewith.

5. If You are in possession of any money held for the benefit of the Judgment Debtor, set forth the facts and circumstances concerning said possession, including, without limitation, how the monies came into your possession, custody, or control, the reason, and if said money is going to be paid out, the basis for same and any instructions You received concerning payment.

6. Are You or any of your agents or affiliates currently holding any funds or any property of Judgment Debtor, whether in the name of Judgment Debtor, under a trade or corporate name, or in association with others, to be paid or to be sold to satisfy a debt of Judgment Debtor?

7. If the answer to Question 6 is yes, please state: (a) the amount of such funds or value of such property; (b) the date such funds were deposited with or such property was held by you or your agent; and (c) the source of such payment(s) or property.

8. Do you hold any assets or collateral in which the Judgment Debtor has or may have an interest?

9. What is the description and value of each such asset or item of collateral?

10. What interest does the Judgment Debtor appear to have in each such asset or item of collateral?

11. Do You have any other transactions with the Judgment Debtor, directly or indirectly, or in connection with the Judgment Debtor, as a result of which the Judgment Debtor may now, or at any time in the future, become entitled to money or credit?

12. If the answer to Question 11 is yes, please state: (a) a description of the transactions; (b) the amount of anticipated funds; and (c) the source of anticipated funds.

13. Set forth a list of all payments made by the Judgment Debtor to You since January 1, 2019.

14. Set forth a list of all payments made by You to the Judgment Debtor since January 1, 2019.

15. Have You transferred any assets, money, or any thing or item of value to the Judgment Debtor or to any other person(s), company, trusts, or any other entity on behalf of, or for the benefit of the Judgment Debtor since January 1, 2019? If yes, state the amount or item transferred (plus its value), the date transferred, and the recipient of the transfer. (Attach another sheet if necessary).

| Amount/Item/Value | Date Transferred | Recipient of Transfer |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

- 3 -

- 16. Identify any and all assets deposited with, or held by, You, by or on behalf of the Judgment Debtor, or an entity in which the Judgment Debtor has or had a legal or beneficial interest, including, without limitation, Kenwood Commons, LLC, Winter Investors, LLC, Frydco Capital Group, LLC, Deluxe Building Construction LLC, Deluxe Building Solutions LLC, and Deluxe Building Realty, LLC, or by any other person or entity on behalf of the foregoing persons or entities.

- 17. For all assets identified in response to Question 16, state the date on which such Assets were deposited with You and the location and value of all such Assets and the reason why such Assets were deposited or placed in trust with You or are otherwise held by You.

Name:
Title:

Sworn to before me this
___ day of January, 2025

Notary Public

PLEASE RETURN YOUR ANSWER IN THE PRE-ADDRESSED, POSTAGE-PAID ENVELOPE INCLUDED HEREIN WITHIN SEVEN (7) DAYS TO:

MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Attn: Jeremy D. Weinstein, Esq.
jweinstein@morrisoncohen.com
FAX: 917.522.9973