UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JACOB FRYDMAN,                                                          :
:
Plaintiff,       :
:                           25-CV-9192 (JMF)
-v-                          :
:                               ORDER
ILEVU YAKUBOV a/k/a LEO JACOBS et al.,                                  :
:
Defendants.     :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In general, Court approval is required for the settlement and dismissal under Rule 41 of the Federal Rules of Civil Procedure of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); *see also Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (identifying factors a court may consider in evaluating the fairness and reasonableness of a proposed FLSA settlement and the reasonableness of a proposed attorney's fee award).[1] That is true even where a plaintiff files a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 809-11 (2d Cir. 2022).

      In light of the foregoing, the parties shall file a joint letter **no later than March 27, 2026,** if Plaintiff's notice of voluntary dismissal, *see* ECF No. 14, is related to any settlement and, if so, shall submit the settlement agreement itself. The joint letter must explain the basis for the proposed settlement and why, if parties contemplate dismissal under Rule 41, it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky*. *See Wolinsky*, 900 F. Supp. 2d at 335-36. The letter should also address, if applicable, any incentive payments to the plaintiff.

      In addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

---

[1]     Judicial approval is not required for a settlement of FLSA claims by way of a Rule 68(a) offer of judgment. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that a settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

**If the parties do not file a letter by the date set forth above, the Court will assume that there is no settlement, and any settlement agreement between the parties will be deemed null and void.**

As Plaintiff previously consented to receive electronic notice via the ECF system, *see* ECF No. 3, there is no need to mail a copy of this Order to Plaintiff.

The Clerk of Court is directed to close this case. All conferences are canceled. All motions are moot.

SO ORDERED.

Dated: March 13, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge