# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

March 27, 2026

**<u>VIA ECF</u>**
United States District Court
Southern District of New York
<u>Attn</u>: Hon. Jesse M. Furman, U.S.D.J.
500 Pearl Street, Courtroom 24B
New York, NY 10007-1312

>      *Re:*    **Frydman v. Yakubov,** *et al.*
>              **<u>Case No.: 1:25-cv-9192 (JMF) (GS)</u>**

Dear Judge Furman:

This firm represents the Defendants in the above-referenced case, and writes jointly with Plaintiff Jacob Frydman (hereinafter "Plaintiff" or "Frydman"), *pro se*, in accordance with this Court's Order dated March 13, 2026 (ECF Docket Entry 15), to address whether Plaintiff's notice of voluntary dismissal, ECF Docket Entry 14, is related to any settlement and, if so, shall submit the settlement agreement itself.

The parties respectfully inform this Court that Plaintiff's notice of voluntary dismissal is not related to any settlement agreement.  Indeed, other than one (1) conversation with Frydman on or about December 6, 2026, <u>see</u> ECF Docket Entry 8, your undersigned did not have any conversations or correspondence with Frydman.

However, for the reasons discussed below, Plaintiff's notice of voluntary dismissal without prejudice is improper, and Plaintiff must decide whether he will agree to dismiss his claims with prejudice or instead respond to Defendants' anticipated motion for attorneys' fees pursuant to Rule 41 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule").  The relevant procedural history and framework upon which Plaintiff must pick his proverbial poison is outlined below.

**<u>Relevant Procedural History</u>**

On November 4, 2025, Plaintiff commenced this case against the Defendants by the filing of a complaint.  <u>See</u> ECF Docket Entry 1.  On December 6, 2025, Defendants appeared by counsel and sought an extension of time to respond to the complaint.  <u>See</u> ECF Docket Entries 7 and 8.  On December 8, 2025, this Court granted Defendants' request and set a deadline of Saturday, January 31, 2026 for Defendants' response to the complaint.  <u>See</u> ECF Docket Entry 9.  On January 29, 2026, Defendants timely moved to dismiss the complaint.  <u>See</u> ECF Docket Entry 10.  The following day, this Court entered an Order *sua sponte* providing Plaintiff a additional time[1] – until March 12, 2026 – to oppose the motion or amend the pleadings in response to the motion.  <u>See</u> ECF Docket Entry 13.

---

[1] Under Local Civil Rule 7.1(b), Plaintiff's deadline to respond to the complaint was fourteen (14) days.

On March 12, 2026, Plaintiff neither opposed the motion or amended the pleadings, instead unilaterally filed a notice of voluntary dismissal without prejudice.  See ECF Docket Entry 14.

**Legal Standard**

After a defendant files a responsive pleading, absent consent of all parties, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request *only by court order, on terms that the court considers proper*." See Paysys Int'l, Inc. v. Atos IT Servs. Ltd., 901 F.3d 105, 108 (2d Cir. 2018) (emphasis added) (quoting Fed. R. Civ. P. 41(a)(2)).

A plaintiff does not have a right to voluntarily dismiss under Rule 41(a)(2) – which, unless the order states otherwise, is without prejudice – but "the presumption in this [C]ircuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." See Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S, No. 19-CIV.- 1576 (KPF), 2020 WL 1285511, at *1 (S.D.N.Y. Mar. 17, 2020) (quoting Paulino v. Taylor, 320 F.R.D. 107, 109 (S.D.N.Y. 2017)).

However, "'[a] motion for voluntary dismissal with prejudice is generally subject to far less scrutiny' and should be denied only where 'voluntary dismissal will be unduly prejudicial to the defendants.'" See Bright Kids NYC Inc. v. Kelly, No. 19-CIV.- 1175 (JMF), 2021 WL 3931876, at *1 (S.D.N.Y. Sept. 2, 2021) (quoting Farmer v. Indyke, No. 19-CIV.-10475 (LGS), 2021 WL 516865, at *2 (S.D.N.Y. Feb. 10, 2021)).

When a lawsuit is voluntarily dismissed with prejudice, courts "almost never ... award[ ]" attorneys' fees absent "independent statutory authority for such an award ...." Id. at *1 (quoting Colombrito v. Kelly, 764 F.2d 122, 133-34 (2d Cir. 1985)). On the other hand, "[f]ee awards are often made when a plaintiff dismisses a suit without prejudice under Rule 41(a)(2)." See Colombrito, 764 F.2d at 133. This is because "[t]he purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." Id.

**Plaintiff's Notice of Voluntary Dismissal Must be Vacated**

Defendants' position:

As discussed *supra*, Plaintiff's notice of voluntary dismissal is improper in that he has no right to dismiss this case without prejudice upon receipt of Defendants' responsive pleading. See Simon J. Burchett Photography, Inc., 2020 WL 1285511, at *1.  As a result, it is defective and must be vacated.

Instead, Plaintiff should decide whether he wishes to dismiss the claims *with* prejudice to foreclose Defendants' anticipated motion for attorneys' fees under Rule 41 or insist that they be dismissed without prejudice and oppose Defendants' Rule 41 motion.

While Plaintiff's argument that a motion to dismiss pursuant to Rule 12(b)(6) is not a responsive pleading within the meaning of Rule 41, Plaintiff ignores the fact that Defendants submitted evidence together with their motion.  Because Rule 12(d) provides that a court may convert a Rule 12(b)(6) motion to a motion for summary judgment under Rule 56 if matters outside the pleadings are presented to and not excluded by the court, this Court should deem Defendants' motion to dismiss a responsive pleading.  See Fed. R. Civ. P. 12(d); see also Doe v. Bank of Am., N.A., No. 25-CV-8520 (JSR), 2026 WL 380385, at *6 (S.D.N.Y. Feb. 11, 2026) ("a court must either exclude extrinsic materials from its consideration or convert the motion to dismiss into a motion for summary judgment and provide the parties with an opportunity to conduct relevant discovery and submit supporting evidence"); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002) (holding that where the court is asked to consider on a motion to dismiss extrinsic evidence that is neither incorporated into the complaint nor relied upon in the drafting of the complaint, the court must either exclude the extrinsic documents, or convert the motion to a summary judgment motion); Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154-55 (2d Cir. 2006) ("As indicated by the word shall, the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is strictly enforced and mandatory").  Indeed, "a court may not resolve [a Rule 12(b)(6)] motion by weighing the plausibility of competing allegations or by considering evidence extrinsic to the non-movant's pleading without converting the motion to one for summary judgment." See Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 306 (2d Cir. 2021).

In light of the foregoing authority, and the possibility of this Court treating Defendants' motion as one that may be converted to a motion for summary judgment pursuant to Rule 12(d), Defendants respectfully submit that their Rule 12(b)(6) motion may be treated as a responsive pleading for Rule 41 purposes.

Plaintiff's position:[2]

Plaintiff states that his March 12, 2026 Notice of Voluntary Dismissal was not related to any settlement, compromise, or side agreement. No settlement agreement exists. Plaintiff therefore submits that there is no settlement to submit for Cheeks review.

Plaintiff further states that, when ECF No. 14 was filed, Defendants had not served an answer or a motion for summary judgment; Defendants had filed only a motion to dismiss. See Fed. R. Civ. P. 41(a)(1)(A)(i). In an FLSA case, the Court may make the limited inquiry described in Cheeks and Samake to determine whether any settlement exists. Because no settlement exists here, Plaintiff respectfully submits that the Notice of Voluntary Dismissal without prejudice should be given effect. See Samake v. Thunder Lube, Inc., 24 F.4th 804, 809–10, 814–15 (2d Cir. 2022).

---

[2] An initial draft of this letter was sent to Plaintiff on Monday, March 23, 2026.  Plaintiff responded with his position on Tuesday, March 24, 2026.  A revised draft of this letter was sent to Plaintiff late Thursday evening for review and response.  Defendants received no response to Plaintiff's revised letter, and submit same in the same form sent to Plaintiff, save for this footnote.

Plaintiff respectfully disagrees with Defendants' contention that the Notice must be vacated, that the dismissal should be converted to one with prejudice, or that Rule 41 authorizes an award of attorneys' fees on this record. Plaintiff does not consent to dismissal with prejudice or to any fee award.

The parties thank this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
      March 27, 2026

Respectfully submitted,

**SAGE LEGAL LLC**
*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendants*
*Ilevu Yakubov,*
*Stefany Artega, and*
*Jacobs P.C.*

**<u>VIA ECF</u>**
Jacob Frydman, *pro se*
845 United Nations Plaza
Apartment 44D
New York, NY 10017
jf@frydco.com

*Plaintiff pro se*